# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | VIRGINIA M. KENDALL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6794 | **DATE** | November 7, 2011 |
| **CASE TITLE** | Bernard Mims (#R-55072) vs. Marcus Hardy, et al. | | |

**DOCKET ENTRY TEXT:**

On the Court's own motion, the Illinois Department of Corrections and the Stateville Correctional Center are dismissed as Defendants pursuant to 28 U.S.C.§ 1915A. The Clerk is directed to issue summonses for service on all other Defendants by the U.S. Marshal. The Clerk is further directed to send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. Plaintiff's motion for appointment of counsel [#4] is denied, without prejudice.

■ **[For further details see text below.]**  **Docketing to mail notices.**

## STATEMENT

Plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, officials at the Stateville Correctional Center, violated Plaintiff's constitutional rights by subjecting him to cruel and unusual conditions of confinement. More specifically, Plaintiff alleges that he spent 45 days in a cell with no working plumbing. Plaintiff has paid the statutory filing fee, as directed. *See* Minute Order of September 29, 2011.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Here, accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against the Defendants. Conditions of confinement which "deprive inmates of the minimal civilized measure of life's necessities," *Rhodes v. Chapman*, 452 U.S. 337, 347-49 (1981), or constitute a deprivation of "basic human needs" may violate an inmate's Eighth Amendment rights. *See James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992); *see also Vinning–El v. Long*, 482 F.3d 923, 924 (7th Cir.2007). The Court recognizes that in some cases, the lack of operational plumbing for up to seven days has been held to be a minor inconvenience rather than a constitutional violation. *See, e.g., Muhammad v. Wilson*, No. 05 C 0743,2006 WL 2413710, *2 (N.D. Ill. Aug. 16, 2006) (Leinenweber, J.); *Easter v. Cooper*, No. 91 C 4520, 1995

**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

WL 109343, *3 (N.D. Ill. Mar. 10, 1995) (Norgle, J.). However, under the circumstances described here, the conditions described may be actionable under 42 U.S.C. § 1983. While a more fully developed record may belie Plaintiff's allegations, the Defendants must respond to the complaint.

However, the complaint is dismissed on initial review as to the Illinois Department of Corrections and the Stateville Correctional Center. The Eleventh Amendment bars private litigants' suits against the State and state agencies. *See, e.g., Joseph v. Board of Regents of University of Wisconsin System*, 432 F.3d 746, 748 (7th Cir. 2005).

The Clerk shall issue summonses forthwith for service on all other Defendants. The United States Marshals Service is appointed to serve the Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve the Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the Defendants. With respect to former correctional employees who no longer can be found at the work address provided by Plaintiff, the Illinois Department of Corrections shall furnish the Marshal with the Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to the Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the Defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Finally, Plaintiff's motion for appointment of counsel is denied. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Johnson*, 433 F.3d at 1006. When a *pro se* litigant submits a request for appointment of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, or conversely, if he has been precluded from doing so. *Pruitt*, 503 F.3d at 654. Next, the Court must evaluate the complexity of the case and whether the plaintiff appears competent to litigate it on his own. *Id.* at 654-55. Another consideration is whether the assistance of counsel would provide a substantial benefit to the Court or the parties, potentially affecting the **(CONTINUED)**

| STATEMENT (continued) |
|---|

outcome of the case. *Id.* at 654; *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004); *see also* Local Rule 83.36(c) (N.D. Ill.) (listing the factors to be taken into account in determining whether to appoint counsel).

After considering the above factors, the Court concludes that appointment of counsel is not warranted in this case. Although the complaint sets forth cognizable claims, Plaintiff has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint, notwithstanding the fact that his writing hand is injured. Neither the legal issues raised in the complaint nor the evidence that might support Plaintiff's claims are so complex or intricate that a trained attorney is necessary. Plaintiff, whose submissions to date have been coherent and articulate, appears more than capable of presenting his case. It should additionally be noted that the Court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, Plaintiff's motion for appointment of counsel is denied at this time. Should the case proceed to a point that assistance of counsel is appropriate, the Court may revisit this request.