# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| Bernard Mims (#R-55072), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 11 C 6794 |
| | ) | |
| | ) | Hon. Virginia M. Kendall |
| Warden Marcus Hardy, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, officials at the Stateville Correctional Center, violated Plaintiff's constitutional rights by subjecting him to cruel and unusual conditions of confinement, because he spent forty-five days in a cell with no working plumbing. Defendants move to dismiss the complaint for failure to state a claim and for lack of personal involvement. For the reasons stated in this order, the motion is granted only as to Defendant Godinez.

## I. STANDARD ON A MOTION TO DISMISS

*Pro se* complaints are to be liberally construed. *Kaba v. Stepp*, 458 F.3d 678, 681, 687 (7th Cir. 2006). *Pro se* submissions are held to a less stringent standard than formal pleadings drafted by lawyers. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008).

In addition, when considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the Court assumes all factual allegations in the complaint to be true, viewing all facts–as well as any inferences reasonably drawn therefrom–in the light most favorable to Plaintiff. *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010); *Bell Atlantic Corp.,* 550 U.S. at 563 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)). A well-pleaded complaint may proceed even if it appears "that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp.*, 550 U.S. at 556.

Nevertheless, the factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp.*, 550 U.S. at 555. While a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). The Court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Furthermore, a plaintiff can plead himself or herself out of court by pleading facts that undermine the allegations set forth in the complaint. *See, e.g., Whitlock v. Brown*, 596 F.3d 406, 412 (7th Cir. 2010) (citations omitted) ("A judicial admission trumps evidence. This is the basis of the principle that a plaintiff can plead himself out of court.").

## II. <u>FACTS</u>

Plaintiff Bernard Mims is an Illinois state prisoner, confined at the Stateville Correctional Center. Defendants Marcus Hardy and Darryl Edwards are, respectively, Stateville's warden and assistant warden. Defendant José Prado is a correctional sergeant who supervised Plaintiff's housing unit while he was incarcerated at Stateville. Defendant Sytera Sanders was Plaintiff's prison counselor. Defendant Salvador Godinez is the Director of the Illinois Department of Corrections.

Plaintiff alleges the following facts, assumed true for purposes of the motion to dismiss:

On June 1, 2011, the water to Plaintiff's cell was turned off so that he had no running water either in his sink or toilet. Plaintiff notified Defendant Prado who promised that a work order would be submitted.

A week later, Plaintiff's plumbing had not been fixed; consequently, he began writing letters to the administration and filing grievances. He was sometimes given ice to quench his thirst; however, the ice was invariably dirty and he had no means of rinsing it off. The ice was so filthy that it turned his drinking water and soda "oily." At night, whenever Plaintiff or his cellmate needed to use the facilities, they had to go through the chain of command for access to a functioning washroom. The process frequently took several hours. He often went without drinking water.

After several more days, Prado furnished Plaintiff with a bucket full of water to pour into the toilet to make it flush. However, the bucket was refreshed only every few days; in the meantime, Plaintiff's waste remained in the toilet bowl. The cell "smelled like an outhouse." Plaintiff felt vulnerable to reprisal by his neighboring inmates, who angrily complained to him

about the smell and believed him to have intentionally "hoarded" his human waste. Plaintiff was able to shower three times a week, but he had no opportunity to wash himself between showers.

Despite Pardo's repeated assurances that a work order had been prepared, Plaintiff was still without running water over a month after he had reported the plumbing problems. Plaintiff wrote more letters to each of the named Defendants, none of whom took any action.

On July 1, 2011, Plaintiff submitted an emergency grievance to Defendant Hardy. Hardy declined to treat the grievance as an emergency matter. Defendants still took no steps either to rectify the problem or to reassign Plaintiff to another cell.

Plaintiff remained in a "condemned" cell with no running water from June 1, 2011, to July 14, 2011, a total of forty-five days. Plaintiff had to endure stomach-churning foul odors; he went without drinking water during "some of the hottest days of the year;" and a nurse advised him that his urine was dark yellow because he was not drinking enough fluids for his kidneys to flush out his system.

### III.  ANALYSIS

Accepting Plaintiff's factual allegations as true, the Court concludes that his complaint states a viable Eighth Amendment claim against Defendants Hardy, Edwards, Sanders, Coleman, and Prado. If Defendants wholly disregarded Plaintiff's persistent complaints about a lack of running water for a month and a half, then he may be entitled to relief under the Civil Rights Act. Only Defendant Godinez lacked sufficient personal involvement in the events giving rise to this lawsuit for liability to attach. Accordingly, Defendants' motion to dismiss is granted only as to Salvador Godinez.

4

The Constitution requires that inmates' basic needs be furnished. *See Helling v. McKinney*, 509 U.S. 25, 33 (1993); *Christopher v. Buss*, 384 F.3d 879, 881-82 (7th Cir. 2004). "The Eighth Amendment prohibits punishments which involve the unnecessary and wanton infliction of pain, are grossly disproportionate to the severity of the crime for which an inmate was imprisoned, or are totally without penological justification." *Whitman v. Nesic*, 368 F.3d 931, 934 (7th Cir. 2004). Prison officials violate the Constitution in conditions of confinement cases where the alleged deprivation is "sufficiently serious" (the objective standard) and (2) the officials act with deliberate indifference (the subjective standard). *Farmer v. Brennan*, 511 U.S. 825, 829, 832, 834 (1994); *Whitman,* 368 F.3d at 934. In this case, Plaintiff's complaint satisfies both elements.

## A.  Objective Prong

Plaintiff's confinement for forty-five days in a "condemned" cell that lacked working plumbing constituted an objectively serious deprivation (at least at the pleading stage). The objective prong asks whether the alleged deprivation or condition of confinement is "sufficiently serious" so that "a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities." *Whitman*, 368 F.3d at 934, *quoting Farmer, supra*, 511 U.S. at 834 (internal quotations omitted). Substandard living conditions do not necessarily equal unconstitutional conditions. "Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment's prohibition against cruel and unusual punishment." *Rice ex rel. Rice v. Correctional Medical Services*, 675 F.3d 650, 665 (7th Cir. 2012) (citations omitted). "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *Turner v. Miller*, 301 F.3d 599, 603 (7th Cir. 2002).

Here, Plaintiff has not pled himself out of court, as Defendants maintain. Even though Plaintiff was given ice and soda and had the opportunity to shower three times a week, those concessions do not necessarily render his complaint non-actionable. Particularly depending on the amount of time Plaintiff was confined to his cell, the non-availability of running water could have risen to the level of an Eighth Amendment violation. *Contrast Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988) ("inmates cannot expect the amenities, conveniences and services of a good hotel"), with *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992) (objective component met where prison conditions were "strikingly reminiscent of the Black Hole of Calcutta"). Given the allegedly unendurable stench and the potential health threat, the absence of working plumbing arguably made Plaintiff's cell uninhabitable.

## B. Subjective Prong

Furthermore, Plaintiff's allegations suggest deliberate indifference on the part of Defendants Hardy, Edwards, Sanders, Coleman, and Prado. The subjective component of cruel and unusual punishment requires that a prison official have a sufficiently culpable state of mind. *See Wilson*, 501 U.S. at 298; *Hayes v. Snyder*, 546 F.3d 516, 521 (7th Cir. 2008). In conditions-of-confinement cases, the relevant state of mind is deliberate indifference to inmate health or safety. *See, e.g., Farmer v. Brennan*, 511 U.S. at 837; *Wilson*, 501 U.S. at 303; *Lee v. Young*, 533 F.3d 505, 509-10 (7th Cir. 2008). "Deliberate indifference" is a culpable state of mind of the defendant to unnecessarily and wantonly inflict pain or harm upon a prisoner." *Wilson v. Seiter*, 501 U.S. 294 (1991); *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).

In the case at bar, Plaintiff contacted each of the named Defendants by way of letters and grievances, and each Defendant was presumably in a position to do something about the situation.

Thus, while it is true that Illinois' statutory grievance procedures do not create a protected interest, *see Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996), a prison official can be liable under 42 U.S.C. § 1983 for failing to respond to violations of a prisoner's constitutional rights that come to his or her attention via the grievance process. *See Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995); *Verser v. Elyea*, 113 F.Supp.2d 1211, 1215 (N.D. Ill. 2000) (Bucklo, J.). Consequently, Defendants Hardy, Edwards, Sanders, Coleman, and Prado must respond to Plaintiff's charge that they acted with deliberate indifference to his plight.

The motion to dismiss is nevertheless granted as to Defendant Godinez, the Director of the Illinois Department of Corrections. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008).

As Director, Defendant Godinez oversees the entire prison system; his role at Stateville is too attenuated for liability under Section 1983 to attach. *Compare Gray v. Taylor*, 714 F.Supp.2d 903, 911 (N.D. Ill. 2010) (Bucklo, J.) (no claim against IDOC's director because "administrators cannot be expected to involve themselves with the minutiae of daily events in the lives of thousands of prisoners") (citations omitted); *see also Wagner v. McCann*, No. 10 C 2160, 2011 WL 3205352, *5 (N.D. Ill. Jul. 27, 2011) (Leinenweber, J.) (corporate executives of company that provided prison health care were too removed from day-to-day, individual medical care to be responsible for

7

individual inmate's allegedly deficient medical treatment).  Accordingly, Godinez is dismissed as a Defendant in this action.

### IV.  CONCLUSION

In sum, Plaintiff's allegations, assumed true, are sufficient to state a cognizable federal claim against Defendants Hardy, Edwards, Sanders, Coleman, and Prado.  Only Salvador Godinez is dismissed as a Defendant.  This order is not intended to discourage either party from filing a properly supported motion for summary judgment.  The Court encourages the parties to explore the possibility of settlement prior to the next status hearing in this case.

For the foregoing reasons, Defendants' motion to dismiss the complaint for failure to state a claim [#27] is granted only in favor of Defendant Godinez.  Salvador Godinez is dismissed as a Defendant pursuant to Fed. R. Civ. P. 12(b)(6).  Defendants Hardy, Edwards, Sanders, Coleman, and Prado are directed to answer or otherwise plead within twenty-one days of the date of this order.

_____
Virginia M. Kendall
United States District Judge

Date: June 11, 2012